ARMED SERVICES BOARD OF CONTRACT APPEALS

Appeal of -- )
)
Passaran Noori Construction Company ) ASBCA No. 62694
)
Under Contract No. W91B4M-07-C-7144 )

APPEARANCE FOR THE APPELLANT: Mr. Jaweed Sharifi
  CEO

APPEARANCES FOR THE GOVERNMENT: Scott N. Flesch, Esq.
  Army Chief Trial Attorney
  CPT Carlos S. Pedraza, JA
  Trial Attorney

OPINION BY ADMINISTRATIVE JUDGE PAUL ON THE
GOVERNMENT'S MOTION FOR SUMMARY JUDGMENT

    This is an appeal of a contracting officer's (CO) decision terminating appellant, Passaran Noori Construction Company (PNCC) contract with the U.S. Army for the convenience of the government. The Army has filed a motion for summary judgment, contending that appellant's claim is barred by the applicable statute of limitations, 41 U.S.C. § 7103(a)(4)(A). The Contracts Disputes Act (CDA), 41 U.S.C. §§ 7101-7109, is applicable. We grant the government's motion.

STATEMENT OF FACTS (SOF) FOR PURPOSES OF THE MOTION[*]

    1. On August 9, 2007, the Kabul Regional Contracting Center, Camp Phoenix, Afghanistan, awarded Contract No. W91B4M-07-C-7144 to PNCC at a fixed – price amount of $567,037.51. The contractual efforts encompassed phase 3 of minor construction as Camp Phoenix. (R4, tab 1 at 1-3)

    2. The contract stated: "Work is to begin no later than 15 days after demining is completed." It also provided: "The Contractor shall begin performance within 70 calendar days and complete if within 90 calendar days after receiving . . . notice to proceed. (*Id*. at 1) The contractual performance period extended from October 11, 2007, to January 10, 2008 (*id*. at 3).

---

[*] We cite these facts solely for purposes of resolving the government's motion.

3. There is no evidence that appellant commenced work on the project (R4, tab 2 at 1). In October 2009, the CO informed appellant of his intent to terminate the contract at no cost to the government (R4, tab 8 at 1, tab 9 at 1).

4. On April 19, 2010, the CO terminated the contract for the convenience of the government. The CO issued a final decision on this date, which informed appellant of its appeal rights. (R4, tab 4)

5. On July 22, 2020, over 10 years after the final decision terminating the contract was issued, appellant filed a certified claim, in a total amount of $452,347, with the CO. In so doing, it acknowledged the CO's decision to terminate the contract. (R4, tab 8 at 1)

6. In October 26, 2020, the CO issued another final decision in which he rejected appellant's claim in its entirety. The CO stated, in part: "PNCC submitted its claim for this contract 13 years after contract award, and 10 years after the termination for convenience was issued. The [six]-year [s]tatute of limitations for submitting claims ran out several years ago." (R4, tab 9 at 1-2) This appeal followed.

## DECISION

Summary Judgment is appropriate where there is no genuine dispute of material facts and the moving party is entitled to judgment as a matter of law. *Mingus Constructors, Inc. v. United States*, 812 F.2d 1387, 1390 (Fed. Cir. 1989). Here, there is no genuine factual dispute. The applicable statute of limitations, 41 U.S.C § 7103 (a)(4)(A), requires that claims under the CDA must be filed within six years after their accrual. This guidance is reiterated in FAR 33.206, INITIATION OF A CLAIM (OCT 1995). Here, the CO issued a final decision terminating the contract on a no-cost basis in April 2010 (SOF ¶¶ 3-4). Yet, appellant did not file its certified claim until July 2020 (SOF ¶ 5). In its reply brief, appellant contends that the CO never informed it regarding where and how it could file an appeal from his final decision terminating the contract. Appellant is mistaken. The CO's decision clearly informed it of its appeal rights (SOF ¶ 4). Accordingly, appellant's appeal must fail.

2

<u>CONCLUSION</u>

The government's motion for summary judgment is granted.  The appeal is denied.

Dated:  July 29, 2021

_____
MICHAEL T. PAUL
Administrative Judge
Armed Services Board
of Contract Appeals

I <u>concur</u>

I <u>concur</u>

_____
RICHARD SHACKLEFORD
Administrative Judge
Acting Chairman
Armed Services Board
of Contract Appeals

_____
OWEN C. WILSON
Administrative Judge
Vice Chairman
Armed Services Board
of Contract Appeals

I certify that the foregoing is a true copy of the Opinion and Decision of the Armed Services Board of Contract Appeals in ASBCA No. 62694, Appeal of Passaran Noori Construction Company, rendered in conformance with the Board's Charter.

Dated:  July 29, 2021

_____
PAULLA K. GATES-LEWIS
Recorder, Armed Services
Board of Contract Appeals